IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXAR MEDIA, INC., <br><br>         Plaintiff, <br><br>   v. <br><br> PRETEC ELECTRONICS CORP ET AL, <br><br>         Defendant. | No. C00-04770 MJJ <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO AMEND INVALIDITY CONTENTIONS AND GRANTING MOTION FOR LEAVE TO RELY ON OPINION OF COUNSEL** |

Before the Court are two motions: (1) Defendants Pretec Electronic Corp.'s, PNY Technologies, Inc.'s and C-One Technology Corporation's Motion To Amend Invalidity Contentions (Docket No. 296); and (2) Defendants Pretec Electronic Corp.'s, PNY Technologies, Inc.'s and C-One Technology Corporation's Motion For Leave To Rely On Opinion Of Counsel (Docket No. 310). For the following reasons, the Court **GRANTS** both motions.

**A.    Defendants' Motion To Amend Invalidity Contentions**

Patent Local Rule 3-7 states that amendment to Preliminary or Final Invalidity Contentions, other than those as expressly permitted by Patent Local Rule 3-6, "may be made only by order of the Court, which shall be entered only upon a showing of good cause."

On the facts of this case, the Court finds that good cause exists for permitting Defendants to amend their invalidity contentions to include the contention that claim 1 of U.S. Patent No. 6,145,051 is invalid for failure to meet the enablement and written description requirements of 35

1  U.S.C. 112 ¶ 1. Defendants first raised their contention that claim 1 of the '051 patent is invalid on
2  these grounds – if not construed as a means-plus-function claim – in its claim construction briefing
3  on April 5, 2004. (Docket No. 205.) Plaintiff was therefore on notice of these allegations and,
4  indeed, acknowledged at the claim construction hearing that these invalidity contentions were "for
5  another day with a different burden of proof." (Docket No. 234.) Given these circumstances, to
6  prevent Defendants from being able to assert these defenses would elevate form over substance,
7  particularly where there has been no particularized showing of prejudice by Plaintiff.[1] *Cf. Ixys Corp.*
8  *v. Advanced Power Technology Inc.*, 321 F. Supp. 2d 1133, 1153 n. 19 (N.D. Cal. 2004) (permitting
9  invalidity arguments not enumerated in invalidity contentions to proceed where plaintiff had notice).
10             Accordingly, the Court **GRANTS** the Motion To Amend Invalidity Contentions.
11             **B.**     **Defendants' Motion For Leave To Rely On Opinion Of Counsel**
12             Patent Local Rule 3-8 states that a party that does not disclose an opinion of counsel and
13  related documents and privilege logs within 50 days of the Court's claim construction ruling "shall
14  not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a
15  stipulation of all parties or by order of the Court, which shall be entered only upon a showing of
16  good cause."
17             On the facts of this case, the Court finds that good cause exists for permitting Defendants to
18  rely, as a defense to wilfulness, on the opinion of counsel produced on March 23, 2006. Defendants
19  have made a sufficient showing, and provided supporting evidence, as to why the written opinion
20  was not finalized until March 2006. Moreover, because the Court has bifurcated discovery on
21  willfulness issues in this matter, Plaintiff will not be prejudiced in its ability to take discovery
22  regarding Defendants' reliance on this opinion. Plaintiff's argument that it will be prejudiced with
23  respect to conducting discovery regarding its liability case is not persuasive, both because the
24  written opinion of counsel was produced before the close of fact discovery, and because Plaintiff has
25  not articulated any specific manner in which the opinion is likely to be germaine to the liability
26  phase of this matter, let alone specific discovery needs that would result therefrom.

---

28  [1] Fact discovery on liability issues is now closed, and plaintiff generally avers that it "has not had an opportunity to obtain discovery from Pretec regarding these contentions." Plaintiff does not, however, identify any specific examples of discovery that it did not take because Defendants' invalidity contentions had not been amended to enumerate these theories.

2

Accordingly, the Court **GRANTS** the Motion For Leave To Rely On Opinion Of Counsel.

**C.     Resulting Discovery Issues.**

To the extent that Plaintiff believes good cause exists for relief from any pretrial deadline(s) to permit it conduct additional discovery relating to these invalidity defenses or the opinion of counsel, the parties shall first meet-and-confer in good faith regarding such issues. If any such issues remain unresolved and require the Court's attention, the parties shall file a joint statement of the disputed issues no later than seven (7) days after entry of this Order.

**IT IS SO ORDERED.**

Dated:   4/16/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

3